UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
TRUSTEES OF THE METAL LATHERS LOCAL : 
46 PENSION FUND, METAL LATHERS LOCAL : 
46 WELFARE TRUST FUND, METAL : 
LATHERS LOCAL 46 ANNUITY FUND, : Civil Action No.:
METAL LATHERS LOCAL 46 : 
APPRENTICESHIP FUND, METAL LATHERS : 
LOCAL 46 VACATION FUND, AND METAL : 
LATHERS LOCAL 46 SCHOLARSHIP FUND, : 
                                                        : **PETITION**
                                Plaintiffs, :
                                                     :
    - against - :
                                                     :
REGAL USA CONSTRUCTION, INC. :
                                                     :
                               Defendant. :
------------------------------------------------------------------ x

## PETITION TO CONFIRM ARBITRATION AWARD

Plaintiffs Trustees of the Metal Lathers Local 46 Pension Fund, Metal Lathers Local 46 Welfare Trust Fund, Metal Lathers Local 46 Annuity Fund, Metal Lathers Local 46 Apprenticeship Fund, Metal Lathers Local 46 Vacation Fund, and Metal Lathers Local 46 Scholarship Fund (hereinafter collectively referred to as the "Funds") by their attorneys, Cohen, Weiss and Simon LLP, as and for their Petition allege as follows:

### NATURE OF THE PROCEEDINGS

1. This is a proceeding brought by six employee benefit funds to confirm an arbitration award, appended hereto as Exhibit "A", pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 9 of the Federal Arbitration Act (the "Arbitration Act"), 9 U.S.C. § 9 requiring contributions to be paid to the Funds.

01068045.1

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 9 of the Arbitration Act, 9 U.S.C. § 9.

## VENUE

3. Venue is proper pursuant to Section 301 of the LMRA, 29 U.S.C. § 185; Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b), as the Funds are administered in this District and the events that gave rise to this action occurred in this District.

## THE PARTIES

4. Plaintiffs Trustees (the "Trustees") are "fiduciaries" of the Funds as the term is defined under Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). The Funds are multiemployer employee benefit plans within the meaning of Sections 3(3) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(3) and 1002(37)(A). The Funds are administered at 61-02 32nd Avenue, Woodside, New York 11377-2021. The Funds are maintained for the purpose of collecting and receiving contributions and providing retirement, health and welfare, vacation, apprentice, and scholarship benefits to eligible participants pursuant to and in accordance with the Agreement and Declaration of Trusts (the "Trust Agreements").

5. Defendant Regal USA Construction, Inc. ("Regal"), is, upon information and belief, an employer engaged in interstate commerce in the State of New York. Regal is an employer within the meaning of Section 101(2) of the LMRA, 29 U.S.C. §152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and, upon information and belief, has at all relevant times maintained its principal place of business at 5 Hanover Square, 5th Floor, New York, New York 10004.

## THE UNDERLYING ARBITRATION PROCEEDING

6. Regal is bound by a collective bargaining agreement ("CBA") between the Local 46 Metallic Lathers' Union and Reinforcing Iron Workers of New York and Vicinity (the "Union"). The CBA covers the terms and conditions of employment of the bargaining unit employees represented by the Union.

7. Pursuant to the CBA, Article XII governing the Funds, Regal agreed to "be bound by all of the provisions of said Agreements and Declarations of Trust creating said Funds, as the same may be written or amended by the parties hereto."

8. The CBA obligates Regal to, *inter alia,* make regular contributions to the Funds. The CBA, Article XII, Subsection 8, further requires the employer to "[agree] to the rules and regulations adopted by the Trustees of each of the Funds and further agrees to recognize and abide by the right of the Trustees of each of the Funds to audit the books and records of the Employer to ascertain that the Employer's contributions are being properly made to all of the said Funds."

9. Moreover, pursuant to the terms of the Trust Agreements, sections entitled "Audit", the "Board…may examine and audit payroll, employment, and any other pertinent records of any Employer, as the Trustees deem necessary…."

10. Under the Trust Agreements, if an employer fails to make required contributions to the Trust Funds, subsections entitled "Enforcement Actions", the "Board may bring an action on behalf of the Trust Fund and/or the Plan pursuant to sections 502(g)(2) and 515 of ERISA to enforce the Employer's obligation to contribute to the Trust Fund." In addition, the Board may determine "whether to initiate arbitration proceedings against a delinquent Employer (in lieu of pursuing any other remedies or legal action)…."

11. The Funds instituted an arbitration before Arbitrator Roger E. Maher (the "Arbitrator"), pursuant to the Trust Agreements, which provide, "any arbitration proceeding initiated by the Board to collect delinquent contributions owed to the Fund will be heard by either Roger Maher or Howard Edelman."

12. Upon giving due notice to the Funds and Regal, the Arbitrator conducted a hearing on April 11, 2018.  Regal did not appear at the hearing and did not otherwise respond to or request an adjournment of the hearing.  The Funds introduced evidence to the Arbitrator who reviewed the evidence submitted and presented, and issued an award on April 13, 2018 (the "Award").  (*See* Exhibit "A").

13. The Arbitrator found that Regal's failure to remit contributions due to the Funds, as determined by the audit, was a violation of the CBA and the Trust Agreements and directed Regal to promptly pay the Funds $16,450.02 (the "Arbitration Amount") as follows:

| | |
|---|---|
| Principal Amount | $ 9,354.44 |
| Interest | $ 3,833.14 |
| Liquidated Damages | $    935.44 |
| Court Costs | $    400.00 |
| Attorney's Fee | $    727.00 |
| Arbitrator's Fee | $ 1,200.00 |
| **Total Amount:** | **$16,450.02** |

14. The award also provided that Regal was to pay interest at the rate of five and a quarter percent (5.25%) per annum on the Arbitration Amount as of the date of Award (April 13, 2018) until the date the Arbitration Amount is received by the Funds.

### CAUSE OF ACTION

15. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 14 above.

16. Section 9 of the Federal Arbitration Act, 9 U.S.C. §9, provides, in relevant part, "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to arbitration...then at any time within one year after the award is made any party to the arbitration may apply to the court...for an order confirming the award...."

17. The Trust Agreements, under subsections entitled "Legal Actions for Unpaid Contributions," provide that "In any legal action for Unpaid Contributions commenced by the Trust Fund (and/or the Board or the Funds' Office Administrator) … the Employer shall pay the following amounts to the Trust Fund: (a) … unpaid contributions … (b) … interest … (c) an additional payment of 20% of the Unpaid Contributions … (d) all attorney's fees and costs of the action, audit costs … and any other related expenses; and (e) such other legal or equitable relief as the court deems appropriate."  Plaintiffs demanded payment of the sums found to be due under the Award on August 8, 2018.

18. Regal has failed to pay the sums due under the award.

19. Plaintiffs now timely seek to confirm the Award via judgment due to the Employer's failure to make the payments directed by the award.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for an Order and Judgment:

A.  Confirming and entering judgment upon the award of Roger E. Maher, Arbitrator, dated April 13, 2018, in all respects;

B.  Directing Defendant to pay Plaintiffs the sum of $16,450.02 as follows:

| | |
|---|---|
| Principal Amount | $ 9,354.44 |
| Interest | $ 3,833.14 |
| Liquidated Damages | $    935.44 |
| Court Costs | $    400.00 |
| Attorney's Fee | $    727.00 |
| Arbitrator's Fee | $ 1,200.00 |
| **Total Amount:** | **$16,450.02** |

C.  Directing Regal to pay Plaintiffs interest that has accrued on the unpaid contributions included in the award, at the rate of five and a quarter percent (5.25%) per annum as set forth in the Award, through the date judgment is entered; and

D.  Granting such other and further legal and equitable relief as this Court may deem just and proper, together with the reasonable attorneys' fees, costs, and disbursements pursuant to the award, the Trust Agreement, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), and any additional fees and expenses incurred by the Funds in connection with the enforcement of any judgment issued in connection with these proceedings.

Dated:  April 9, 2019
         New York, New York

                                                            /s/ Cristina Gallo
                                                          Cristina Gallo
                                                          COHEN, WEISS and SIMON LLP
                                                          900 Third Avenue, Suite 2100
                                                          New York, NY 10022-4869
                                                          (212) 563-4100

                                                          Attorneys for Plaintiffs